[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In an earlier appeal, this court affirmed defendant-appellant Robert Simmons's conviction for possession of cocaine, but vacated his sentence and remanded the case to the trial court for resentencing. The trial court had failed to indicate either of the reasons required before imposing more than the minimum period of incarceration upon Simmons, who had not previously served a prison term.
Upon remand, the trial court conducted another sentencing hearing and imposed a three-year period of incarceration. In a single assignment of error, Simmons now contends that the trial court erred in resentencing him because it imposed a sentence that was contrary to law. Simmons contends that he should have received the shortest period of incarceration: one year.
Simmons was convicted of a third-degree felony, possession of cocaine, which permits a trial court to impose a period of incarceration from one to five years. R.C. 2925.11(C)(4)(c) required, based on the type and amount of cocaine in this case, that the trial court "impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree." R.C. 2929.13(F)(5) provides that a trial court must impose a prison sentence for a third-degree-felony drug offense under R.C. 2925.11. R.C. 2929.14(B) states, in part, that if the trial court is required to impose a prison term and the offender has not previously served a prison term, the trial court must impose the shortest prison term "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
The Ohio Supreme Court in State v. Edmonson determined that "a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum * * *."[1] Upon remand in this case, the trial court, during Simmons's resentencing hearing, did satisfy the requirements of R.C. 2929.14(B), as clarified by State v. Edmonson. The trial court found that both of the reasons permitting the imposition of more than a minimum period of incarceration existed in Simmons's case. Additionally, the trial court marked both of these reasons on the felony-sentencing worksheet and discussed the factors on the record that it believed supported its findings. Having reviewed the record of the resentencing hearing, we hold that the trial court did not impose a sentence that was contrary to law for a third-degree felony, and that the record clearly and convincingly supports the sentence Simmons received. Accordingly, we overrule Simmons's single assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] See State v. Edmonson, 86 Ohio St.3d 324, 327, 1999-Ohio-110,715 N.E.2d 131.